UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Donald Sperling and Rose Sperling,   Case No. 05-44388
                                                       Chapter
                Debtors.                        Hon. Phillip J. Shefferly
_____/

**ORDER DENYING DEBTORS' MOTION FOR RECONSIDERATION**

       On January 3, 2006, the Debtors filed a proposed modification of their confirmed Chapter 13 plan. On January 24, 2006, the Chapter 13 Trustee filed an objection. On March 7, 2006, the Court held a hearing with respect to the proposed plan modification and the Trustee's objection. At the hearing, the Debtors explained that they wished to be excused from paying the sum of $1,452.85 into their Chapter 13 plan because of certain expenses that they had experienced during calendar year 2005. The Court reviewed the documentation that was attached to the Debtors' proposed plan modification at the hearing. At the conclusion of the hearing, the Court denied the Debtors' request for approval of their plan modification because they failed to meet their burden to demonstrate that they needed the $1,452.85 to pay unanticipated reasonable and necessary expenses. In short, the Court was not persuaded that the Debtors provided sufficient detail of the expenses they sought to pay and, upon questioning by the Court, the Debtors were unable to provide any additional detail about the expenses and did not know how much of the expenses would actually be covered by insurance. Although the Court determined to sustain the Trustee's objection and deny the Debtors' proposed plan modification, the Court also explained that its ruling was without prejudice to the Debtors' right to seek a plan modification if the Debtors could provide to the Trustee and the Court detailed verification of the expenses to support their request that they be excused from paying the sum of $1,452.85 into their Chapter 13 plan. On March 17, 2006, the Debtors filed a motion for reconsideration of the Court's denial of their plan modification.

       Motions for reconsideration are governed by L.B.R. 9024-1. L.B.R. 9024-1(c) provides that the moving party must demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction of such palpable defect. In this case, the Debtors assert the existence of a palpable defect, but a review of the Debtors' motion shows that the Debtors have failed to demonstrate the existence of a palpable defect. The Debtors' motion in paragraph 6 states that it is accompanied by "medical bills" and that "the Debtors no longer have reliable medical insurance." However, there is no documentation attached to the Debtors' motion that was filed with the Court. Further, the Debtors failed to show that there was a palpable defect in the Court's initial ruling denying the proposed plan modification.

       The Debtors' plan modification was denied because of lack of documentation to show the necessity

and amounts of the expenses described in the Debtors' plan modification. The denial was without prejudice. There is nothing in the Debtors' motion for reconsideration that comes close to showing a palpable defect in the Court's ruling. Accordingly, because the Debtors' motion fails to demonstrate a palpable defect under L.B.R. 9024-1(c),

IT IS HEREBY ORDERED that Debtors' motion for reconsideration is denied.

**Entered: March 28, 2006**

                                        **/s/ Phillip J. Shefferly**
                                  **Phillip J. Shefferly**
                                  **United States Bankruptcy Judge**